**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | No. C 07-5420 MJJ (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| DR. JACK KEVORKIAN, | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint against Dr. Jack Kevorkian.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual

G:\PRO-SE\MJJ\CR.07\riches12.dsm.wpd

**United States District Court**
For the Northern District of California

1  contentions are clearly baseless.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

2  Examples are claims describing fantastic or delusional scenarios with which federal district

3  judges are all too familiar.  See Neitzke v. Williams, 490 U.S. 319, 328 (1989).  To pierce the

4  veil of the complaint's factual allegations means that a court is not bound, as it usually is

5  when making a determination based solely on the pleadings, to accept without question the

6  truth of the plaintiff's allegations.  See Denton, 504 U.S. at 32.  A finding of factual

7  frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

8  wholly incredible, whether or not there are judicially noticeable facts available to contradict

9  them.  See id. at 32-33.

10      Plaintiff seeks a restraining order against defendant to forbid him from coming to

11  plaintiff's prison "to force [him] to commit suicide."  Plaintiff alleges defendant has been

12  sending him postcards of people jumping off the Golden Gate Bridge, and that he wrote

13  plaintiff a letter stating that he would fly to plaintiff's prison, "rent" a visiting room, strap

14  plaintiff to a gurney, and administer a lethal injection into plaintiff.  He also seeks 2.5 million

15  dollars in damages against defendant for "harassment."  As plaintiff's allegations are clearly

16  baseless, irrational and wholly incredible, the complaint will be dismissed as frivolous under

17  sections 1915A and 1915(e)(2).

18      For the foregoing reasons, this action is DISMISSED.

19      The Clerk shall close the file.

20      IT IS SO ORDERED.

21  DATED:   11/27/07          _____

22                            MARTIN J. JENKINS
                              United States District Judge

23

24

25

26

27

28

G:\PRO-SE\MJJ\CR.07\riches12.dsm.wpd        2